**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Francisco CARDIEL, a/k/a Seal
F, Defendant—Appellant.**

**No. 05–50508.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided June 30, 2006.

Becky S. Walker, Esq., Mark A. Young, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant-Appellant.

ness of the sentencing judge's treatment of the ratio.

Before: PREGERSON and LEAVY, Circuit Judges, and BEISTLINE,* District Judge.

## MEMORANDUM **

Francisco Cardiel appeals his conviction following a jury trial. Cardiel was convicted of one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. We affirm.

■ The facts of this case are known to the parties. Cardiel contends the district court erred in admitting tapes of the government informant's statements under Fed.R.Evid. 801(d)(2)(E) (which states that co-conspirator statements made during the course of the conspiracy are not hearsay).

Cardiel first argues that the government informant cannot be a member of the conspiracy. While this proposition is true, "[i]t is well-established that statements made by a co-conspirator need not be made to a member of the conspiracy to be admissible under rule 801(d)(2)(E)." *United States v. Zavala–Serra,* 853 F.2d 1512, 1516 (9th Cir.1988). The tapes contained numerous conversations between several different co-conspirators and the government informant pertaining to the consummation of a large cocaine transaction. The taped statements are admissible to show the existence of the conspiracy. *United States v. Segura–Gallegos,* 41 F.3d 1266, 1271–72 (9th Cir.1994) ("Under Federal Rule of Evidence 801(d)(2)(E), a co-con-

spirator's statement during the course and in furtherance of the conspiracy is not hearsay and is admissible against other members of the conspiracy.").

■ Cardiel next argues that the government failed to produce sufficient evidence, apart from the taped statements, to establish the requisite connection between Cardiel and the conspiracy. Cardiel points out that he was not mentioned by name in the tapes.

A defendant's knowledge of and participation in a conspiracy are preliminary facts that must be established by a preponderance of the evidence before a co-conspirator's out of court statements can be admitted. *See United States v. Silverman,* 861 F.2d 571, 576 (9th Cir.1988). To establish these facts, the government must produce independent evidence, other than the statements sought to be admitted, that establishes a connection between the defendant and the conspiracy. *Id.* While the government need only show a "slight connection," *United States v. Umagat,* 998 F.2d 770, 772 (9th Cir.1993), the independent evidence must be "fairly incriminating." *Silverman,* 861 F.2d at 571. A defendant may join "a conspiracy already formed and in existence, and be bound by all that has gone before in the conspiracy, even if unknown to him." *Umagat,* 998 F.2d at 772.

The government presented sufficient, incriminating, and independent evidence of Cardiel's connection to the conspiracy. The government presented eyewitness testimony and photographs showing that Cardiel delivered cocaine on the date mentioned in the tapes. The government presented evidence that the van used for delivery was registered to Cardiel and that a government agent had observed other co-

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

conspirators using the same van on the day before the drug delivery. The government presented testimony that Cardiel stated that he used the van for drug deliveries and that, while he was in the van, he opened two boxes containing cocaine.

The district court did not clearly err in when it found sufficient independent evidence that a conspiracy existed and that Cardiel had a connection to the conspiracy.

The judgment is AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.